IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENISE ESPARZA, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:17-CV-154-L-BK |
| | § | |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees under the Social Security Act*.[1]  Doc. 25.  Defendant takes no position on Plaintiff's motion.  Doc. 26 at 1.  Upon review, Plaintiff's motion should be **GRANTED**.

A.  Background

Previously, the Court entered a judgment reversing the Commissioner's decision denying Plaintiff benefits and remanding the case for further proceedings.  Doc. 19; Doc. 20.  The Court subsequently awarded Plaintiff's counsel $8,550 in attorney's fees under the Equal Access to Justice Act ("EAJA").  Doc. 22.

On remand, the Commissioner found Plaintiff disabled and awarded her a total of $162,572.00 in past-due disability benefits—representing $108,394.00 in disability benefits to Plaintiff and $54,178.00 in dependent child benefits for Plaintiff's son.  Doc. 25-1 at 4, 12.  The Social Security Administration withheld $40,643.00 from Plaintiff's past-due benefits,

---

[1] Under *Special Order No. 3-251*, this social security appeal was automatically referred to the United States magistrate judge for case management.

representing 25 percent of the total amount awarded, as payment for Plaintiff's legal fees.  Doc.

25-1 at 5, 12.  After the award, the Social Security Administration released $6,000.00 of the

withheld amount as fees for representation before the Commissioner.  Doc. 25-1 at 4, 5.  Counsel

now seeks the remaining $34,643.00 as attorney fees under the Social Security Act and

represents that he will return to Plaintiff the $8,550.00 previously awarded as fees under the

EAJA.  Doc. 25 at 1, 4, 6.  *See* 42 U.S.C. § 406(b) (stating requirements for awarding attorneys'

fees in social security benefits cases); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)

(attorneys for prevailing claimants may receive attorney fees under both the EAJA and § 406(b),

but must refund to the claimant the amount of the smaller fee).

**B.  Applicable Law**

Before awarding attorneys' fees under § 406(b), a court must first conduct an

independent review of the claimant's contingency arrangements to ensure that the fee sought is

reasonable.  *Gisbrecht*, 535 U.S. at 807.  The burden is on the requesting attorney to demonstrate

that the requested fee is reasonable.  *Id*. at 807 n.17.  Even if reasonable, the fee award may not

exceed 25 percent of the total of past-due benefits awarded to the claimant.  *Id*. at 807.

Moreover, the court may award a fee below 25 percent, when it deems that an award of 25

percent would not be reasonable.  *Id*. at 807-808.

In this Circuit, attorneys' fees, and their subsequent reasonableness, are typically

determined using the "lodestar" method.  *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010).

However, under § 406(b), a court may not *exclusively* rely on the lodestar method to determine

whether a requested fee is reasonable.  *Id*.  In that instance, the court's inquiry starts with the

claimant's contingency agreement, and the court may also utilize the lodestar method to

determine the reasonableness of the fee. *Id*. at 379, 381. The court likewise considers other

factors—such as the risk of loss to the claimant's attorney, the attorney's experience, the

percentage of the past-due benefits the fee constitutes, the value of the case to the claimant, the

case's degree of difficulty, whether the client consented to the requested fee, the results

achieved, and whether the attorney's success can be attributed to his own work. *Id*. at 380-382.

## C.  Discussion

In addition to the past-due benefits award of $162,572.00, Plaintiff also receives a

$1,178.00 monthly benefit and her son receives $661.00 each month as child's benefits, as the

result of a favorable decision on remand. Doc. 25-1 at 3-4, 12. Counsel requests a total fee of

$34,643.00 for work performed in this civil action. Doc. 25 at 7. *See Jackson v. Astrue*, 705

F.3d 527, 529-30 (5th Cir. 2013) ("an award of benefits made after a court-ordered remand is an

award made 'by reason of' the court's judgment; after all, if it were not for the order of remand

continuing the proceedings, there would be no benefits award'") (quoted case omitted).

Under Plaintiff's "Fee for Services" agreement, Plaintiff agreed "to pay [her]

representative a fee equal to 25 percent of past due benefits (excluding the amount of the 406A)

under 42 U.S.C. 406(B)," if successful upon remand from the district court. Upon review, the

agreement, signed by Plaintiff and counsel, meets § 406(b)'s requirements. Moreover, counsel's

requested fee is consistent with the contingency agreement and is not more than 25 percent of the

total past-due benefits award.

3

Further, there is no evidence that counsel committed fraud, overreached in the reported hours worked or in the total fee calculated, or inadequately represented his client. *See Gisbrecht, 535 U.S. at 807-08* (stating that the court should consider if the attorney delayed the case, if the attorney satisfactorily represented the client, and the time invested compared to the fee sought). To the contrary, the evidence suggests counsel timely litigated this case and achieved a significant victory for his client. Doc. 25-1 at 4, 12.

While the total requested attorney fees ($34,643.00) divided by the hours reportedly expended (45.8), Doc. 25 at 5, results in a healthy hourly rate of $756.40, that rate is reasonable when balanced against the risk involved and the work completed. Plaintiff's counsel litigated the case through the entire administrative process, successfully appealed the Social Security Administration's denial of benefits to the district court, and achieved success for Plaintiff on remand to the agency. Such a favorable outcome was never guaranteed. *See Charlton v. Astrue, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at \*4 (N.D. Tex. Nov. 22, 2011), adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011) (O'Connor, J.) (noting that an average of only 35 percent of claimants who appealed their case to federal court received benefits). Here, the requested reward, balanced by the risk assumed and the results obtained by counsel, appears reasonable.

Additionally, such a rate is consistent with the range of this Court's previous awards in similar social security benefits cases. *See, e.g., Richardson v. Colvin*, No. 4:15-CV-0879-BL, 2018 WL 1324951, \*2 (N.D. Tex. Mar. 13, 2018) (Frost, J.) (finding effective hourly rate of $937.50 reasonable); *Jovita F. v. Saul.*, No. 3:17-CV-00945-L-BT, 2020 WL 3406195, \*2 (N.D.

4

Tex. Mar. 30, 2020), *adopted by* 2020 WL 3404153 (N.D. Tex. June 18, 2020) (Lindsay, J.)

(finding effective hourly rate of $650 reasonable).

**D. Conclusion**

Based on the foregoing, Plaintiff's motion for an award of attorney fees under the Social

Security Act, Doc. 25, should be **GRANTED**.  Counsel should be awarded attorney fees totaling

$34,643.00.  Upon receipt of this award, counsel should promptly remit $8,550.00 to Plaintiff,

representing the EAJA fee previously awarded in this case.

**SO RECOMMENDED** on January 22, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).